IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| STEPHEN M. SALZMAN | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| UNITED STATES PATENT & TRADEMARK OFFICE | : | NO. 14-5919 |

MEMORANDUM

PRATTER, J.                                                              OCTOBER 24, 2014

Plaintiff Stephen M. Salzman brings this action against the United States Patent & Trademark Office (PTO), based on the PTO's failure to hire him for a public relations specialist position. For the following reasons, the Court will grant Mr. Salzman leave to proceed *in forma pauperis*, dismiss his complaint, and deny his motion for counsel.

I.  FACTS

Mr. Salzman alleges that he applied for a position as a public relations specialist with the PTO on July 18, 2014. On August 26, 2014, he was informed via email that he did not receive the position because he did not "score high enough." (Compl. ¶ II.E.) When he inquired further, he was informed that "qualified applicants with Veterans preference eligibility within the top rated category can be referred to the selecting official for consideration." (*Id.*) Based on those facts, Mr. Salzman initiated this lawsuit. He indicates that he was discriminated against due to "point bases geared favorable to veterans." (*Id.* ¶ II.A.) Arguably, the sparse complaint asserts a claim under the Veterans Employment Opportunity Act (VEOA) on the basis that Mr. Salzman was not given veterans preference owed to him under the VEOA when the PTO failed to hire him. However, it could also be read to assert a challenge to the preference afforded to veterans by the VEOA. Indeed, in his motion for appointment of counsel, Mr. Salzman indicates that his

1

action is based on his belief that he was "wrongly passed over [for the] position due to a discriminatory point system, which favors veterans over those on unemployment." (Request for Appointment of Attorney at 2.)

## II. STANDARD OF REVIEW

The Court grants Mr. Salzman leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As plaintiff is proceeding *pro se* the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Mr. Salzman's claims fail regardless of how the complaint is construed. "[T]he purpose of the VEOA is to provide preference eligible veterans [i.e., veterans who are entitled to preference when seeking employment with federal agencies] with a method for seeking redress where their veterans' preference rights have been violated in hiring decisions made by the federal government." *Kirkendall v. Dep't of Army*, 479 F.3d 830, 837 (Fed. Cir. 2007). "Before a VEOA claim reaches a United States district court, it must follow several procedural steps." *Figueroa v. Napolitano*, 772 F. Supp. 2d 741, 749 (D.S.C. 2010). A veteran who believes that

he was not afforded preference in accordance with the statute must first file a complaint with the Secretary of Labor within 60 days of the alleged violation. 5 U.S.C. § 3330a(a). If the Secretary of Labor is unable to resolve the complaint within 60 days, the veteran may appeal to the Merit Systems Protections Board. *Id.* § 3330a(d). If a claimant has completed those procedural steps "and more than 120 days have passed from the date of appeal to the MSPB, [the] claimant may elect to 'terminate those administrative proceedings and file an action with the appropriate United States district court not later than 60 days after the date of the election.'" *Figueroa*, 772 F. Supp. 2d at 749 (quoting 5 U.S.C. § 3330b(a)). "[S]uch an election must 'be made, in writing, in such form and manner as the Merit Systems Protection Board shall by regulation prescribe.'" *Conyers v. Rossides*, 558 F.3d 137, 149 (2d Cir. 2009) (quoting 5 U.S.C. § 3330b(c)).

Courts have dismissed VEOA claims when a plaintiff has failed to comply with the above procedures, some reasoning that they lacked jurisdiction and others reasoning that the plaintiff's failure to pursue administrative remedies was fatal to his claims. *Compare Heckman v. Jewell*, 540 F. App'x 800, 801-02 (9th Cir. 2013); *Lane v. Potter*, 699 F. Supp. 2d 358, 364 (D. Mass. 2010); *Figueroa*, 772 F. Supp. 2d at 749 *with Hill v. Potter*, 48 F. App'x 198, 198 (6th Cir. 2002); *King v. Tobyhanna Army Depot*, Civ. A. No. 12-491, 2013 WL 2896841, *18 (M.D. Pa. June 12, 2013); *Shortell v. Office of Court Admin.*, Civ. A. No. 12-534, 2012 WL 3230492,*2 n.1 (E.D.N.Y. Aug. 6, 2012). Regardless of whether the VEOA's procedural requirements are jurisdictional, the Court must dismiss this case to the extent it raises claims under the VEOA because it is apparent from the face of the complaint that Mr. Salzman could not have satisfied those requirements before filing his lawsuit.

To the extent Mr. Salzman's lawsuit is based on a constitutional challenge to the VEOA on the basis that it impermissibly gives preference to veterans "over those on unemployment," his

3

claim fails. Courts have rejected constitutional challenges to statutes granting veterans preference in government hiring. *See, e.g.*, *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 277 (1979); *White v. Gates*, 253 F.2d 868, 869 (D.C. Cir. 1958); *Fredrick v. United States*, 507 F.2d 1264, 1266-69 (Ct. Cl. 1974); *Koelfgen v. Jackson*, 355 F. Supp. 243, 251-52 (D. Minn. 1972). Accordingly, the Court cannot discern a plausible basis for Mr. Salzman's challenge.

## IV. CONCLUSION

For the foregoing reasons, the complaint is dismissed. Mr. Salzman will not be given leave to amend because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). The Court will also deny Mr. Salzman's motion for counsel. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether to grant counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim"). An appropriate order follows, which shall be docketed separately.

By The Court:

/s/ [signature]
USDJ